UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RAMONA P. LOPEZ, *et al.* | CIVIL ACTION |
| VERSUS | NO. 25-411 |
| LOUISIANA CVS PHARMACY | SECTION M (3) |

### ORDER & REASONS

Before the Court is a motion *in limine* to exclude or limit the testimony of all listed physician and healthcare provider witnesses filed by Louisiana CVS Pharmacy, LLC ("Louisiana CVS").[1] The motion is set for submission on January 8, 2026.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance December 31, 2025. Plaintiffs Ramona and Timothy Lopez, who are represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

IT IS ORDERED that Louisiana CVS's motion *in limine* is GRANTED, and the plaintiffs' physician and healthcare provider witnesses will be precluded from offering expert medical

---

[1] R. Doc. 19.
[2] R. Docs. 19-2; 20.
[3] Ramona Lopez claims that she sustained injuries when she tripped on a crack in the cement of a parking lot at a CVS Pharmacy location in Chalmette, Louisiana. R. Docs. 19-1 at 2; 1-2 at 4. Timothy Lopez claims that his wife's injury caused him mental anguish and loss of consortium, service, and society. R. Docs. 19-1 at 2; 1-2 at 5. According to this Court's scheduling order, plaintiffs were to make expert witness disclosures to Louisiana CVS no later than October 14, 2025. R. Doc. 9 at 2. The scheduling order also provided that no witness, expert or fact, would be permitted to testify "unless there has been compliance with this Order as it pertains to the witness." *Id.* at 3. Plaintiffs named a number of physicians and healthcare providers as lay witnesses on their witness list, which was timely submitted. R. Docs. 19-1 at 2; 15. However, Louisiana CVS avers, and plaintiffs do not dispute, that as of December 11, 2025, plaintiffs made no expert witness disclosures, designated no experts, and produced no expert reports. R. Doc. 19-1 at 2. As a result, plaintiffs will not be permitted to offer expert medical testimony from the physicians and healthcare providers identified in their witness list.

testimony.  However, the plaintiffs' physician and healthcare provider witnesses may testify as lay witnesses as to those matters allowed by law.

    New Orleans, Louisiana, this 6th day of January, 2026.

                                                                     _____
                                                                       BARRY W. ASHE
                                                                       UNITED STATES DISTRICT JUDGE